[No. 24375. Department One. March 15, 1933.]

THE STATE OF WASHINGTON, *Respondent,* v. WILLIAM J. VAUGHN, *alias Samuel Adam Housh, Appellant.*[1]

*W. B. Mitchell,* for appellant.

*Chas. W. Greenough, Louis F. Bunge,* and *Ralph E. Foley,* for respondent.

MILLARD, J.—George A. Miller and William J. Vaughn, alias Samuel Adam Housh, were jointly charged by information with the crimes of second degree burglary and grand larceny. The former entered a plea of guilty. The trial of the other defendant resulted in verdict of guilty as by the information charged. Each of the defendants was sentenced to serve a term in the state penitentiary. The

[1]Reported in 19 P. (2d) 917.

sentence of Miller was suspended. Defendant Vaughn appealed, and, as to him, the cause was remanded for a new trial on the ground that the statement of the trial court respecting the testimony of a deputy prosecuting attorney was "a comment upon the weight of the testimony and the credibility of the witness." *State v. Vaughn,* 167 Wash. 420, 9 P. (2d) 355.

The second trial of Vaughn, on substantially the same evidence that was adduced on the first trial, resulted in verdict of guilty of the crimes of second degree burglary and grand larceny. From judgment and sentence pronounced on the verdict, the defendant has appealed.

It is insisted on this, as on the former appeal, that appellant did not have a fair and impartial trial. Counsel for appellant contends that the deputy prosecuting attorney entered into a secret understanding with Miller (appellant's co-defendant, who pleaded guilty) whereby the latter was induced to testify on behalf of the state in consideration for which Miller was to receive a suspended sentence. Appellant's contention is without merit. Miller testified that he was not offered any inducement by any one to testify as a state's witness. Whether Miller's confession was made under inducement was a question of fact for the determination of, and, under proper instructions that issue was submitted to, the jury. The verdict foreclosed the question. *State v. Vaughn,* 167 Wash. 420, 9 P. (2d) 355.

The following, in addition to other language of the same tenor and without the slightest evidence in support thereof, appears in appellant's brief under the guise of argument:

"This case, then, involves a very important question: Whether a deputy prosecutor can violate the

laws of the State of Washington and wrongfully induce co-defendants to testify against his intended victim and then by prearrangement cover up the wrongful inducements by perjured testimony before a jury for the purpose of obtaining an unlawful conviction of Mr. Housh, and be sustained by this court in the form of an affirmance of their wrongful conviction?''

Such language is not permissible and is not to be encouraged by this court. The argument of appellant's counsel is not in consonance with the standard of conduct prescribed by the oath to which each person subscribes when admitted to practice law in this state. The Code of Ethics of the American Bar Association, adopted as the standard of ethics for the members of the bar of this state (Rem. Rev. Stat., § 139-15), bans all offensive personalities between counsel (Sec. 17, Canons of Professional Ethics) and imposes upon the members of the bar the duty of striving at all times to uphold the honor and to maintain the dignity of the profession. (Sec. 29, Canons of Professional Ethics.) For his professional discourtesy, counsel merits this rebuke, which should dissuade him from commission of a like offense in the future.

The contention that the prosecuting attorney was guilty of misconduct in his opening statement to the jury and the introduction of testimony relating to the arrest of appellant on April 5th, 1931, is devoid of merit. We held on the prior appeal that the statements of the prosecuting attorney as to what the proof would show were made in good faith, and that reasonable latitude should be allowed in the making of an opening statement to a jury.

On the second trial, the trial court advised the prosecuting attorney what the state would be permitted to show concerning the arrest of appellant on April 5th, 1931. An examination of the record dis-

closes that the prosecuting attorney did not disregard the court's ruling.

■ The evidence of which appellant's counsel complains is appellant's note surreptitiously sent from the jail by appellant to his brother-in-law. The note was admissible in evidence. Appellant, by that written communication, requested his brother-in-law to immediately go to Deer Park and remove appellant's automobile from a ball park, so that the officers would not find the car (with the back seat out of same) at that location. The fact that appellant was willing to pay five dollars to one for carrying the note only a few blocks is significant. If the automobile were found in the ball park at Deer Park, appellant knew that would be another link connecting him with the burglary with which he was charged. The automobile, so Miller testified, was the one used by the burglars in hauling their loot; and it was the same automobile from which the back seat had been removed to make space for the property burglariously obtained.

The automobile described by Miller was found in the ball park. The back seat was absent from that vehicle, as Miller testified. Appellant secretly sent a note to his brother-in-law to get the automobile and remove it, so that it could not be found by the officers. These facts corroborated the testimony as to appellant's part in the burglary.

There is nothing novel in the other assignments of error, which are without substantial merit. No good purpose would be served by further extending this opinion.

The judgment should be, and it is, affirmed.

BEALS, C. J., MITCHELL, HOLCOMB, and PARKER, JJ., concur.